**UNITED STATES BANKRUPTCY COURT**

DISTRICT OF SOUTH DAKOTA

ROOM 211
FEDERAL BUILDING AND U.S. POST OFFICE
225 SOUTH PIERRE STREET
**PIERRE, SOUTH DAKOTA 57501-2463**

IRVIN N. HOYT

BANKRUPTCY JUDGE

TELEPHONE (605) 224-0560
FAX (605) 224-9020

June 8, 2005

John H. Mairose, Esq.
Former Counsel for Debtors
2640 Jackson Blvd., #3
Rapid City, South Dakota  57702

Mr. Joal W. Goraczkowski
Ms. Barbara R. Goraczkowski
13651 Busted Five Lane
Rapid City, South Dakota  57702

      Subject:  *In re Joal W. and Barbara R. Goraczkowski*,
               Chapter 7; Bankr. No. 04-50604

Dear Mr. Mairose, Mr. Goraczkowski, and Ms. Goraczkowski:

    The matter before the Court is a review under 11 U.S.C. § 329(b) of the fees of John H. Mairose, former counsel for Debtors.  This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014(c).  As set forth below, the Court concludes that the fees received by Attorney Mairose from Debtors for services and costs through the meeting of creditors were reasonable.

    *Summary*.  Joal W. Goraczkowski and Barbara R. Goraczkowski ("Debtors") filed a Chapter 7 petition in bankruptcy on November 8, 2004.  Their bankruptcy attorney was John H. Mairose. According to the disclosure of compensation filed by Attorney Mairose, Debtors paid him $620 for his legal services, $209 for the filing fee paid to the Court, and $41 for his other expenses.  Attorney Mairose also disclosed that for the $661 in fees and expenses (excluding the filing fee), he agreed to represent Debtors through the meeting of creditors.  Further, on the petition, Attorney Mairose verified that he had informed Debtors about the different chapters in bankruptcy and the relief available under each chapter.

    Soon after the case was filed, the case trustee, Dennis C. Whetzal, apparently became concerned that not all estate assets had been appropriately scheduled.  He employed himself as the estate attorney to investigate these concerns further.

In re Joal and Barbara Goraczkowski
Jun;e 8, 2005
Page 2

On January 11, 2005, Debtors filed a motion seeking dismissal of their case on the grounds that they would pay creditors themselves with funds from a home equity loan. Trustee Whetzal objected to the motion because he said the bankruptcy estate contained several assets that he could liquidate to pay claims. On February 24, 2005, the Court denied Debtors' motion to dismiss their case.

Early in 2005, Trustee Whetzal began the process of liquidating Debtors' nonexempt assets. He also sought an order requiring Debtors to turn over to him their personal property that had not been declared exempt or that had a value in excess of the amount they had declared exempt. This property included motorcycles, vehicles, and some bank accounts. Debtors filed an objection to the Trustee's turnover motion.

Before the hearing on Trustee Whetzal's turnover motion, Attorney Mairose filed a motion seeking permission to withdraw as Debtors' counsel. He stated Debtors had chosen to disregard his advice and that they were no longer effectively communicating with him. Debtors responded saying they agreed that Attorney Mairose should no longer represent them, but they wanted back some of the $800 in fees they said they paid him so they could hire a new attorney. In their response, Debtors complained that Attorney Mairose had refused to help them file a Chapter 13. They also complained that Attorney Mairose had been unprofessional and that he failed to communicate with them.

A hearing on both Trustee Whetzal's turnover motion and on Attorney Mairose's motion to withdraw was held May 24, 2005. The Court granted Attorney Mairose's motion to withdraw, and the Court directed him to file an itemization of his fees. The Court continued the hearing on Trustee Whetzal's turnover motion to allow Debtors to retain a new attorney.

Attorney Mairose filed his itemization of fees on May 27, 2005. It included both pre- and post-petition work he had performed for Debtors. Attorney Mairose stated he charged Debtors $150 per hour for his legal services and he listed each service, how long it took him to perform that service, and the charge incurred. Based on this itemization, Attorney Mairose stated he had rendered 8.90 hours of service through early May 2005 that had a total value of $1,335.00. Attorney Mairose further stated that

In re Joal and Barbara Goraczkowski
Jun;e 8, 2005
Page 3


his fees, in addition to the $209 filing fee paid to the Court, included $238.33 for postage and copies. He also itemized taxes on compensation of $78.98 for total fees (compensation for services and reimbursement of expenses) of $1,652.31.

*Discussion.* Under § 329(b) of the Bankruptcy Code, the Court can order a debtor's attorney to refund any compensation the attorney has received from the debtor if the sum was not reasonable. Section 329(b) is designed to prevent overreaching by a debtor's attorney. *Schroeder v. Rouse (In re Redding)*, 247 B.R. 474, 478 (B.A.P. 8th Cir. 2000). In making a § 329(b) analysis, the Court compares the amount of compensation the attorney received with the reasonable value of the services that were performed. *Id.* at 478-79

In this case, Attorney Mairose received from Debtors $661.00 for his legal services and expenses through the conclusion of the meeting of creditors. Based on the time he expended, the hourly rate he charged, and the nature and appropriateness of each service he performed and each cost he incurred, it is clear that the $661 was reasonable. Moreover, Attorney Mairose's fees were akin to what other South Dakota bankruptcy attorneys with his experience would have charged for the same services. There is nothing in the record to indicate that any overreaching on fees occurred. Accordingly, since the $661 that Attorney Mairose received was reasonable, the Court will not direct him to return any of it to the bankruptcy estate.

Sincerely,

Irvin N. Hoyt
Bankruptcy Judge

INH:sh

CC: case file (docket original; serve parties in interest)

I hereby certify that a copy of this document was electronically transmitted, mailed, hand delivered or faxed this date to the parties on the attached service list.

JUN 0 8 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court, District of South Dakota
By_____

NOTICE OF ENTRY
Under F.R.Bankr.P. 9022(a)
Entered

JUN 0 8 2005

Charles L. Nail, Jr., Clerk
U.S. Bankruptcy Court
District of South Dakota

Timothy M. Engel
PO Box 160
Pierre, SD 57501

Bruce J. Gering
Office of the U.S. Trustee
230 S Phillips Ave, Suite 502
Sioux Falls, SD 57104-6321

Barbara Rae Goraczkowski
13651 Busted Five Lane
Rapid City, SD 57702

Joal William Goraczkowski
13651 Busted Five Lane
Rapid City, SD 57702

John H. Mairose
2640 Jackson Blvd. #3
Rapid City, SD 57702

Dennis C. Whetzal
Trustee
PO Box 8285
Rapid City, SD 57709